

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

CCC:CMM:LTG
F. #2015R02148

*610 Federal Plaza*
*Central Islip, New York 11722*

November 20, 2018

<u>By ECF</u>

Kevin Keating, Esq.
Law Offices of Kevin J. Keating
666 Old Country Road
Suite 900
Garden City, New York  11530

   Re: United States v. Mangano et ano.
     <u>Criminal Docket No. 16-540 (S-2) (JMA)</u>

Dear Mr. Keating:

   The undersigned Assistant U.S. Attorneys write in response to your correspondence, dated October 24 and 26, 2018 and November 15, 2018.

   With respect to your October 24 request for the Fred Mei deleted emails, as referenced in the interview of Frank Scalera, we are confused by your correspondence, which states, "[your] assumption is that the Government is not in possession of the requested <u>subset of 800 deleted emails</u>." (Emphasis in original).  The Office has produced to you what has been produced to us.  Indeed, Quinn Emanuel Urquhart & Sullivan, LLP ("Quinn Emanuel"), counsel for the Town of Oyster Bay ("TOB"), produced documents Bates stamped TOB_SEC_0085055 through TOB_SEC_0089897 to the Securities and Exchange Commission ("SEC"), who, in turn, provided a copy to the Office.  Quinn Emanuel has represented, on behalf of the TOB, that this Bates range consists of "responsive emails collected from Frederick Mei's 'Recovered Deleted Items' folder and documents collected from Mei's 'My Documents' and 'Desktop' locations."  On February 12, 2018, we produced to you a copy of these documents, which based on TOB's representation should include Mei's deleted emails. To the extent that you believe there are outstanding emails that Mei deleted that the TOB did not produce to the SEC, please let us know and we will inquire further, or alternatively, you can contact Quinn Emanuel.

   With respect to your request for "a full accounting of all things of value which Fred Mei received from Singh, including all payments received in connection with his purported legal work," please be advised that the government has previously provided you with this information.  You can find that information within Mei's and Singh's § 3500 materials, as well as the testimony of each.  In particular, the government refers you to 3500-

HS-22 at pp. 16-17.[1]  Please be further advised that according to Singh and Mei, Singh did not pay for any condominium purchased by Mei in Mexico.

With respect to your request for the U.S. Attorney Office's Financial Disclosure Form prepared by Singh, as you acknowledge, on February 23, 2018, the government previously informed you that there was none.  We confirm that the government did not require Singh to prepare said form.

Lastly, with respect to your request for English transcripts of the over 300 non-pertinent calls from the Singh wire that are in Hindi, we are in the process of transcribing the five intercepted pertinent calls which were in Hindi, or at least partially in Hindi (see HSR 50, 54, 56, 68 and 75) and will provide a copy of those transcripts once they are completed.  The government has already provided you with a summary of these calls, which were translated by an FBI linguist (with the exception of HSR 56, which was not translated).[2]  With respect to the remaining calls, at this time, the government does not intend to introduce these calls – or any of the non-pertinent Hindi calls – into evidence and, thus, is under no obligation to provide transcripts of these calls.  See United States v. Parks, 100 F.3d 1300, 1305, 1308 (7th Cir. 1996) (where government only transcribed four out of 65 hours of taped surveillance, Seventh Circuit held that the burden of transcribing the additional 61 hours was not necessary to provide the defense with "meaningful access" to the tapes, transcription of irrelevant evidence was not required under Brady, and the government was not required to conduct defense counsel's investigation for them by transcribing the material); see also United States v. Zavala, 839 F.2d 523, 527-28 (9th Cir. 1988) (conviction affirmed where the defense was provided with the tapes for 11,000 recorded calls in Spanish, and transcripts only for the 1,800 relevant calls).  That being said, we are endeavoring to transcribe all the calls and will provide a copy of those transcripts on a rolling basis when and if they are transcribed.  However, we cannot commit to completing that process prior to trial, and therefore, you may want to employ your own transcription service to ensure that you receive transcripts with sufficient time to review them before trial.  To assist you with identifying calls that you may want to transcribe, the government is in possession of summary line sheets of certain calls and will produce those summary line sheets if requested.

---

[1]  3500-HS-22 was provided to the defense on February 20, 2018.

[2]  It should be noted that HSR 56 is a call that is only partially in Hindi.

2

      To the extent that you request production of the summary line sheets and draft transcripts, in anticipation of those productions, please execute the enclosed Stipulation. Once the Stipulation is provided, the government will begin production of the requested materials.

      Very truly yours,

      RICHARD P. DONOGHUE
      United States Attorney

By:   /s/
      Catherine M. Mirabile
      Lara Treinis Gatz
      Christopher C. Caffarone
      Assistant U.S. Attorney
      (631) 715-7850 / 7913 / 7868

cc:    Clerk of the Court
      John Carman, Esq.